UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH RUMMANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18 CV 91 CDP |
| ) | |
| CHESTER BROSS CONSTRUCTION ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Joseph Rummans brings this employment discrimination action against his former employer, defendant Chester Bross Construction Company, alleging that he was subject to harassment on account of his race, in violation of Title VII of the Civil Rights Act of 1991 and the Missouri Human Rights Act. Rummans also brings a state tort claim of reckless infliction of emotional distress. Defendant moves to dismiss plaintiff's claims under Fed. R. Civ. P. 12(b)(6).

Having reviewed Rummans' claims in light of the relevant standard,[1] I will

---

[1] The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, I assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To survive dismissal, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). It need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. The issue in determining a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but whether he is entitled to present evidence in support of the claim. *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011)

dismiss Rummans' claim of reckless infliction of emotional distress, but will permit his claim of employment discrimination to proceed.

With respect to Rummans' claim of employment discrimination, the complaint with its attached charge of discrimination adequately alleges facts stating plausible claims of discrimination against Chester Bross, including specific dates on which the alleged discriminatory conduct occurred. Because the charge of discrimination is attached as an exhibit to Rummans' complaint, Chester Bross's argument that I may not consider the charge when ruling its motion to dismiss is without merit. Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Williams v. Target Stores*, 479 F. App'x 26, 28 (8th Cir. 2012) (per curiam) (federal rules require that the complaint and the charge of discrimination be read together). Moreover, the cases upon which Chester Bross relies to support its argument that the complaint does not allege adequate facts to show objective hostility were all decided on motions for summary judgment, and thus after the record was developed on the claims. On the facts alleged here, plaintiff is entitled to present evidence in support of his claim. Chester Bross's motion to dismiss Rummans' claim of employment discrimination will be denied.

I will, however, dismiss Rummans' claim for reckless infliction of emotional distress. To properly plead a claim for either negligent or intentional infliction of emotional distress under Missouri law, a plaintiff must allege, *inter alia*, that the

---

(quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

emotional distress is medically diagnosable and severe enough to be medically significant. *Ford v. Aldi, Inc.*, 832 S.W.2d 1, 2 (Mo. Ct. App. 1992) (negligent infliction of emotional distress); *Snelling v. City of St. Louis, Dep't of Pub. Utilities-Water Div.*, 897 S.W.2d 642, 646 (Mo. Ct. App. 1995) (intentional infliction of emotional distress). *See also Gillis v. Principia Corp.*, 832 F.3d 865, 875 (8th Cir. 2016); *Bass v. Nooney Co.*, 646 S.W.2d 765, 772 (Mo. banc 1983). Here, Rummans claims only that his emotional distress was "severe." He does not allege that his emotional distress or mental injury is "medically diagnosable." Because such an allegation is required to state a claim of either negligent or intentional infliction of emotional distress, the infliction-of-emotional-distress claim raised in Rummans' complaint must be dismissed. *Gillis*, 832 F.3d at 876.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Chester Bross Construction Company's motion to dismiss [10] is granted in part and denied in part.

**IT IS FURTHER ORDERED** that plaintiff Joseph Rummans' claim for reckless infliction of emotional distress is dismissed without prejudice.

This case will be set for a Rule 16 Scheduling Conference by separate Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of December, 2018.